UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Johnnie D. Cook,                                            Case No.  3:22-cv-1015

                Plaintiff,

      v.                                                   ORDER

Lt. Wierich,

                Defendant.

On June 13, 2022, *pro se* Plaintiff Johnnie D. Cook filed suit against Lt. Wierich, a lieutenant at the Toledo Correctional Institution in Toledo, Ohio.  (Doc. No. 1).  On the same day, Cook filed a motion to proceed with prepayment of the filing fee.  (Doc. No. 2).  That motion was granted, (Doc. No. 3), and service of the complaint was effected by the United States Marshal.  (Doc. No. 5).

I have *sua sponte* reconsidered my order granting Cook's motion to proceed *in forma pauperis* ("IFP").  *See, e.g., Strope v. Cummings*, 653 F.3d 1271, 1273 (10th Cir. 2011) (noting a court may revisit a plaintiff's IFP status *sua sponte*) (citing *Harris v. City of New York*, 607 F.3d 18, 22-23 (2d Cir. 2010); *McFadden v. U.S. Dep't of Justice*, 270 F. Supp. 3d 82, 84 (D.D.C. 2017) (revoking plaintiff's IFP status and ordering that the filing fee be paid in full within 30 days).  *See also* Fed. R. Civ. P. 60(a) ("The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.  The court may do so on motion or on its own, with or without notice.").

Section 1915 provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action
> or proceeding under this section if the prisoner has, on 3 or more prior occasions,

while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Cook has had at least three such dismissals. *See* Report and Recommendation, *Cook v. Cool*, No. 1:17-cv-765, Doc. No. 5 (S.D. Ohio Dec. 8, 2017), *adopted by* Order (S.D. Ohio Jan. 8, 2018) (dismissing complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)); Memorandum Opinion and Order, *Cook v. Erdos*, No. 1:18-cv-341 (S.D. Ohio July 17, 2018) (dismissing Cook's claims with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1)); Memorandum Opinion and Order, *Cook v. Davis*, No. 1:19-cv-624 (S.D. Ohio June 9, 2020) (same).  Each of these judgments were entered before Cook filed this lawsuit and should have led to the denial of his IFP motion in the first instance.

Further, the allegations contained in the complaint do not show Cook faced a danger of serious physical injury at the time he filed this lawsuit. *See Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008).

Therefore, I have reconsidered my earlier decision and rescind Cook's IFP status.  Cook shall pay the full filing fee of $350, less any partial payments already made, within 30 days of the date of this Order, or this case will be dismissed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge